FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 23 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE DELOACH GROUP, INC. d/b/a, Quastar Computer International,<br><br>Plaintiff,<br><br>vs.<br><br>ASHFORD FINANCE, LLC, NOUSHIR HASAN, CARREFOUR INFORMATIQUE TREMBLANT, INC., CORPORATE FUNDING PARTNERS, LLC, GANGES EXPORTS USA, MIKE TONES, AMIN HAQ, BEEM KHEMANEY, AND JOHN DOES I THROUH IV,<br><br>Defendants. | CASE NO.<br><br>1:11-CV-1678<br>JOF |

## NOTICE OF REMOVAL

Defendants Ashford Finance LLC ("Ashford") and Noushir Hasan ("Hasan") (collectively, "Removing Defendants"), pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and with full reservation of all defenses, hereby remove this action from the State Court of Forsyth County, State of Georgia to the United States District Court for the Northern District of Georgia. In support of this Notice of Removal, Removing Defendants state the following:

### Background

1. On April 12, 2011, Plaintiff The Deloach Group, Inc., d/b/a Quastar Computer International ("Quastar" or "Plaintiff") commenced this lawsuit in the State Court of Forsyth County, State of Georgia with the above caption. Plaintiff alleges a four-count complaint against Defendants including claims for 1) Fraud, 2) Violation of the Georgia R.I.C.O. Act (O.C.G.A. § 16-8-3), 3) Unjust Enrichment and 4) Breach of Contract. A copy of the Complaint is attached hereto as Exhibit "A."

**Basis for Jurisdiction.**

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1332(a)(1), as this matter is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists among the parties. As 28 U.S.C. § 1441(a) specifically provides for removal of suits in this context, this Court has jurisdiction to adjudicate Plaintiff's claims.[1]

**Diversity Requirement.**

3. At the time this lawsuit was commenced, there was, and still is, complete diversity among the parties in this matter:

   a. **Citizenship of Plaintiff**. Plaintiff is a Georgia Company with its principal place of business in Alpharetta, Georgia in Forsyth County. (Compl. ¶ 10).

   b. **Citizenship of Defendants**.

      i. Defendant Ashford: According to the Complaint, Ashford is a Delaware limited liability company with its principal place of business in New York, New York. (Compl. ¶ 1).

      ii. Defendant Hasan: According to the Complaint, Hasan is a resident of the State of New York. (Compl. ¶ 2).

      iii. Defendant Carrefour Informatique Tremblant, Inc. ("Carrerfour"): According to the Complaint, Carrerfour is corporation organized under the laws of the Province of Quebec, Canada, having its principal place of business in the Province of Quebec, Canada. (Compl. ¶ 3).

---

1. *See* 28 U.S.C. § 1441(a) ("...[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

    iv. <u>Defendant Corporate Funding Partners, LLC ("Corporate Funding")</u>: According to the Complaint, Corporate Funding is a New York limited liability company with its principal place of business in New York, New York. (Compl. ¶ 4).

    v. <u>Defendant Ganges Exports USA ("Ganges")</u>: According to the Complaint, Ganges is a company with its principal place of business in New York, New York. (Compl. ¶ 5).

    vi. <u>Defendant Mike Tones ("Tones")</u>: According to the Complaint, Tones is a resident of Quebec, Canada. (Compl. ¶ 6).

    vii. <u>Defendant Amin Haq ("Haq")</u>: According to the Complaint, Haq is a resident of New York, New York. (Compl. ¶ 7).

    viii. <u>Defendant Beem Khemaney ("Khemaney")</u>: According to the Complaint, Khemaney is a resident of Hong Kong, China. (Compl. ¶ 8).

The parties are completely diverse and the requirement set forth in 28 U.S.C. § 1332(a)(1) is met here.

**Amount in Controversy.**

4. Based on the factual allegations and exhibits of the Complaint, the amount in controversy in this matter undoubtedly exceeds $75,000.00 exclusive of interest and costs.[2] As alleged in the Complaint, at a minimum, the amount in controversy exceeds $200,000.00 (*See* Compl. ¶¶ 27, 34). Given that Plaintiff's claim involves an unpaid invoice exceeding $200,000.00 (*See* Compl., Ex. B), removal is proper.

---

2.    *See* 28 U.S.C. § 1332(a).

**Rule of Unanimity**

5.       When an action involves multiple defendants, the right of removal is subject to the unanimity rule, which mandates that "all defendants must consent to removal."[3] Georgia courts excuse compliance with this rule when, *inter alia*, the non-joining or consenting defendant has not been served with service of process at the time the removal petition is filed.[4]

6.       At this time, upon information and belief, only Defendant Corporate Funding has been served with service of process. Counsel for the Removing Defendants has conferred with counsel for Corporate Funding who consents to the Removal of this action.

7.       Upon information and belief, Defendants Carrerfour, Ganges, Tones, Haq and Khaney ("Non-Consenting Defendants") have not been served with the state court process of this claim. Since Non-Consenting Defendants have not been served, they do not need to join or consent to this removal.[5] However, according to the later-served rule, if any of the Non-Consenting Defendants were in fact served, they would have thirty (30) days from the date of the filing of this Notice to file a written consent to the removal.[6]

**Notice Given.**

8.       Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk of the State Court of Forsyth County, State of Georgia. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "B."

---

3.       *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

4.       *General Pump & Well, Inc. v. Laibe Supply Corp.*, 2007 WL 3238721, *2 (S.D.Ga. Oct. 31, 2007); *See also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir.2008).

5.       *See id.*

6.       *Id.*

4

**ACCORDINGLY**, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446, this Court has jurisdiction over this matter, and Defendants Ashford Finance LLC and Noushir Hasan hereby remove this action from the State Court of Forsyth County, State of Georgia to this Court.

Respectfully submitted,

WINTER CAPRIOLA ZENNER LLC

/s/ Marvin P. Pastel, II
MARVIN P. PASTEL, II
Georgia State Bar No. 142088
3490 Piedmont Rd., N.E.
Suite 800
Atlanta, GA 30305
Telephone: (404) 844-5641
Facsimile: (404) 844-5642


Richard W. Epstein (Florida Bar No. 229091)
Richard.Epstein@gmlaw.com
Rebecca F. Bratter (Florida Bar No. 685100)
Rebecca.Bratter@gmlaw.com
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6958 (Fax)

*Attorneys for Defendants Ashford Finance, LLC and Noushir Hasan*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail to Counsel for Plaintiff, B. Greg Cline, Esquire, Georgia Business Law Group, 2 Ravinia Drive, Suite 650, Atlanta, GA 30346 on this ____ day of May, 2011.

/s/ Marvin Pastel
MARVIN PASTEL