IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| The Deloach Group, Inc., doing business as Quastar Computer International, Inc., : : : : | |
| Plaintiff, : | CIVIL ACTION NO. |
| v. : : | 1:11-cv-01678-JOF |
| Ashford Finance, LLC; Noushir Hasan; Carrefour Informatique Tremblant, Inc.; Corporate Funding Partners, LLC; Ganges Exports USA; Mike Tones; Amin Haq; Beem Khemaney; and John Does I through IV, : : : : : : : | |
| Defendants. : | |

ORDER

This matter is before the court on Defendant's First Motion to Dismiss [6] and Defendant's First Motion to Strike Reply Brief [21].[1]

---

[1] Plaintiff filed a surreply without seeking leave of the court to do so and Defendant moved to strike Plaintiff's surreply. Because the court finds the information in Plaintiff's surreply helpful in its consideration of Defendant's motion to dismiss, the court DENIES Defendant's First Motion to Strike Reply Brief [21]. Henceforth, however, the parties should comply with the Federal Rules of Civil Procedure and this court's local rules.

Plaintiff, The DeLoach Group, Inc., initially filed suit in the State Court of Forsyth County, Georgia, on April 12, 2011, against Defendants Ashford Finance LLC; Noushir Hasan; Carrefour Informatique Tremblant, Inc.; Corporate Funding Partners, LLC; Ganges Exports USA; Mike Tones; Amin Haq; Beem Khemaney; and John Does I through IV. Plaintiff alleges fraud, unjust enrichment, breach of contract, and violations of Georgia's RICO statute, and also seeks punitive damages and attorney's fees. The case was removed to this court on May 23, 2011. On June 13, 2011, Defendant Corporate Funding Partners moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction.[2] Plaintiff then amended its Complaint on July 5, 2011. Defendant maintains that, even after the amendment, this court does not have jurisdiction over it.

This lawsuit arose out of Plaintiff's sale of certain computer equipment to Defendant Carrefour. Plaintiff contends that through a web of deceit, Defendants lured it to ship over $200,000 worth of equipment to Carrefour's address in Canada and then refused to tender documentation required for Plaintiff to draw on a Letter of Credit and receive payment for

---

[2] Defendant Corporate Funding Partners also moved to dismiss Plaintiff's claims of fraud for lack of particularity and Plaintiff's unjust enrichment, contract and RICO claims for failure to state a claim upon which relief can be granted. The court here addresses only the parties' contentions regarding personal jurisdiction. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims.").

the goods. The only party at issue in this motion is Corporate Funding Partners, so the court appropriately cabins its analysis.

Plaintiff appears to assert personal jurisdiction over Corporate Funding Partners pursuant to an alter ego theory. Plaintiff alleges that multiple individuals told it that Carrefour and Corporate Funding Partners were one and the same. Plaintiff also alleges that Corporate Funding Partners was listed on a letter of credit application emailed to Plaintiff on July 22 ,2009. According to Plaintiff, that application "indicated that the truck bills of lading were consigned to Corporate Funding and listed Corporate Funding's address at the same address of Carrefour: 460 Montee Kavanagh, Mont Tremblant, Quebec J8E2P2." Compl., ¶ 16. In response, Defendant has filed the affidavit of its CEO, Marshall Jablon, who claims that the individuals purported to represent Corporate Funding Partners "have never been owners, officers, employees, agents, or any other position within" Corporate Funding Partners." Second Jablon Aff. ¶ 11. Plaintiff then filed a surreply and attached a copy of Corporate Funding Partner's website wherein one of the individuals was listed as a "representative."

Under Georgia law, to establish the alter ego doctrine it must be shown:

[1] that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; [2] that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and [3] to adhere to the doctrine of corporate entity would promote injustice or protect fraud.

3

*Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir. 2006). This rubric has been applied in the context of a plaintiff's contention that personal jurisdiction existed under an alter ego theory. *See Wells Fargo Bank, Nat'l Assoc., v. Berkman*, No. 1:10-CV-2286, 2011 WL 709483, at *4 (N.D. Ga. Feb. 17, 2011) (Thrash, J.). Ultimately, however, the alter ego is heavily fact-specific and the court must look to the totality of the circumstances. *See, e.g.*, *United Steelworkers of America v. Connors Steel Co.*, 855 F.2d 1499, 1506 (11th Cir. 1988).

Here, although Plaintiff has not thus far shown enough, the court finds the situation muddled enough that it finds a 60-day jurisdictional discovery period is appropriate. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("Federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."). Plaintiff has 60 days from the entry of this order to engage in jurisdictional discovery and to attempt to establish facts sufficient to show the court that it has personal jurisdiction over Defendant Corporate Funding Partners.

The court DENIES WITH LEAVE TO RENEW Defendant's First Motion to Dismiss [6] and DENIES Defendant's First Motion to Strike Reply Brief [21].

**IT IS SO ORDERED** this 8th day of February, 2012.

S/   J. Owen Forrester
J. OWEN FORRESTER
UNITED STATES SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)