UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE DELOACH GROUP, INC. D/B/A, QUASTAR COMPUTER INTERNATIONAL PLAINTIFF, vs. ASHFORD FINANCE LLC, NOUSHIR HASAN, CARREFOUR INFORMATIQUE TREMBLANT, INC, CORPORATE FUNDING PARTNERS, LLC, GANGES EXPORTS USA, MIKE TONES, AMIN HAQ, BEEM KHEMANEY, AND JOHN DOES I THROUGH IV DEFENDANTS. | CASE NO.  1:11-CV-1678-JOF |

PLAINTIFF THE DELOACH GROUP, INC.'S RESPONSE TO
DEFENDANT CORPORATE FUNDING PARTNERS, MOTION FOR
SANCTIONS

COMES NOW, Plaintiff The DeLoach Group, Inc. d/b/a Quastar Computer International ("Quastar") and files this its Response to Defendant Corporate Funding Partners, LLC's ("Corporate Funding") Motion for Sanctions:

**<u>Corporate Funding's Sanctions Motion Is Frivolous Both In Terms Of Its Own Conduct In Discovery And Under The Facts Of The Case</u>**

As was detailed in Quastar's response to Corporate Funding's Renewed Motion to Dismiss, Marshall Jablon[1] and Simon Assraf[2] have consistently mislead, concealed and misrepresented circumstances and facts during the

---

[1] Sole owners of Corporate Funding who was the Rule 30(b)(6) deponent.
[2] The "independent" sales representative that Corporate Funding contended was a "phantom".

discovery period that was mandated by the Court. Their actions were all in an effort to stonewall and prevent Quastar from learning the truth: that Corporate Funding was directly involved in a scam that bilked approximately $1.8 million from computer equipment wholesalers from Florida to California over a period of 4 months. When confronted with the evidence of their fraudulent actions, Messrs. Jablon and Assraf made more misrepresentations, alleged forgeries and doubles, called Quastar's President a "liar" while he was present in the room and walked out of the deposition. After Corporate Funding's outrageous conduct in discovery, it now comes to the Court asking that Quastar be sanctioned. And demonstrating how frivolous Corporate Funding's motion is, counsel for Corporate Funding served this same Motion upon Quastar before Marshall Jablon's deposition had even occurred. Quastar is keenly aware after losing hundreds of thousands of dollars in equipment as a victim in this scam, Corporate Funding has no interest in seeking the truth. To the contrary, it knows what happened and is trying to conceal the truth.

      The truth and the fact uncovered during discovery show that Corporate Funding was the party in control of the shipments made by all of the victims of the fraud. During his deposition, Jablon admitted it so himself. As the consignee for the shipment, Corporate Funding's proper role was to ensure that the goods were not turned over to a buyer unless the buyer had the right to possess the goods. As Jablon candidly admitted in his deposition that a scam could not have happened **if Corporate Funding was an honest consignee**. The problem was that Corporate Funding was not an honest consignee.

When Jablon admitted Corporate Funding's role as a consignee, then he was forced to state misrepresentation after misrepresentation to explain how parties from around the country could have all been scammed. Incredibly, he chose to deny that these victims were victims. As Quastar has shown, the computer wholesalers were, in fact, defrauded after shipping goods to Canada where the shipments were, in fact, controlled by Corporate Funding.

Corporate Funding's Motion to Dismiss is almost entirely based on the testimony of Marshall Jablon and Simon Assraf. As Quastar has shown in its response, this alone is sufficient reason that Corporate Funding's Motions should fail. Both gentlemen, experienced in fraudulent schemes, provide no credibility for any basis to any motion, much less a one for sanctions.

With respect to the issue at hand for the Court, jurisdiction, Quastar has cited and fully briefed the Court on the jurisdiction issue in its response brief to Corporate Funding's original Motion to Dismiss, more specifically the Georgia Supreme Court's holding in Innovative Clinical & Consulting Serv., LLC v. First Nat'l Bank, 279 Ga. 672, 620 S.E.2d 352 (2005). Corporate Funding has never disputed that case citation or the applicability of it in this case. In Innovative Clinical, the Georgia Supreme Court held that subsection (1) of the long arm statute, transacting any business within Georgia, is not only applicable to breach of contract claims but also to tort claims. Id. In Innovative Clinical, a bank financing a lease with an Iowa vendor that leased medical equipment in Georgia was held to be subject to jurisdiction in Georgia due to mail and phone contact alone. Innovative Clinical & Consulting Serv., LLC

v. First Nat'l Bank, 280 Ga.App. 337, 634 S.E.2d 88 (2006). In the instant case, Corporate Funding not only had contact with Quastar but controlled the shipment of the goods out of Georgia and into another country stolen through false pretenses. Yet Corporate Funding would have this Court rule that it can hide behind state lines and cannot be held accountable simply because it allegedly never set foot in the State?  Corporate Funding cannot find any case citation for such a novel argument on jurisdiction. If there were such a rule, it clearly would be open season on Georgia businesses and consumers from out-of-state commercial predators.

Wherefore, Quastar respectfully submits that Corporate Funding's Motion for Sanction should be denied.

Respectfully submitted this 25th day of June, 2012

GEORGIA BUSINESS LAW GROUP, LLC

/Bentley Greg Cline

Bentley Greg Cline

Georgia State Bar No. 170410

Telephone: (770) 670-6203
Facsimile: (770) 670-6213
bgcline@gabusinesslawgroup.com
**2 Ravinia Drive
Suite 650
Atlanta, GA 30346
Attorney for Plaintiff The DeLoach Group, Inc. d/b/a Quastar Computer International**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/Bentley Greg Cline
Bentley Greg Cline
Georgia State Bar No. 170410
*Attorney for Plaintiff The DeLoach Group, Inc*.