IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE DELOACH GROUP, INC. d/b/a, Quastar Computer International, <br><br> Plaintiff, <br><br> v. <br><br> ASHFORD FINANCE, LLC, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:11-CV-1678-LMM |

**ORDER**

This case comes before the Court on a *sua sponte* review of this matter. After a review of the record and due consideration, the Court enters the following Order:

**A. Subject Matter Jurisdiction**

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."[1] Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). An action is removable if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441. Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United

---

[1] While this case has been pending since 2011, this case was only transferred to the undersigned on December 10, 2014.

States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction).  28 U.S.C. §§ 1331, 1332.

Defendant's sole asserted basis for jurisdiction is diversity.[2]  Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint or a later received paper — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007) (citing 28 U.S.C.  1446(b)). "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing Cameron v. Hodges, 127 U.S. 322 (1888)).

In their Notice of Removal [1], Defendants Ashford Finance, LLC ("Ashford") and Noushir Hasan make the following statements:

> a. **Citizenship of Plaintiff.** Plaintiff is a Georgia Company[3] with its principal place of business in Alpharetta, Georgia in Forsyth County.
>
> b. **Citizenship of Defendants**.

---

[2] Indeed, there is no basis for federal question jurisdiction, as the Complaint and the now-operative Second Amended Complaint exclusively raise issues of state law.  See Compl., Dkt. No. [1-1].

[3] The Plaintiff appears to be a Georgia *corporation* according to the styling of this case.

> i. <u>Defendant Ashford</u>: According to the Complaint, Ashford is a Delaware limited liability company with its principal place of business in New York, New York. (Compl. ¶ 1).
>
> ii. <u>Defendant Hasan</u>: According to the Complaint, Hasan is a resident of the State of New York. (Compl. ¶ 2).
>
> iii. <u>Defendant Carrefour Informatique Tremblant, Inc. ("Carrerfour")</u>: According to the Complaint, Carrefour is [a] corporation organized under the laws of the Province of Quebec, Canada, having its principal place of business in the Province of Quebec, Canada. (Compl. ¶ 3).
>
> iv. <u>Defendant Corporate Funding Partners, LLC ("Corporate Funding")</u>: According to the Complaint, Corporate Funding is a New York limited liability company with its principal place of business in New York, New York. (Compl. ¶ 4).
>
> . . .
>
> vi. <u>Defendant Mike Tones ("Tones")</u>: According to the Complaint, Tones is a resident of Quebec, Canada. (Compl. ¶ 6).
>
> vii. <u>Defendant Amin Haq ("Haq")</u>: According to the Complaint, Haq is a resident of New York, New York. (Compl. ¶ 7).
>
> viii. <u>Defendant Beem Khemaney</u>: According to the Complaint, Khemaney is a resident of Hong Kong, China. (Compl. ¶ 8).

Dkt. No. [1].

Defendants' Notice of Removal is deficient. First, all of Defendants' allegations regarding citizenship are premised with "[a]ccording to the Complaint," including allegations about Ashford and Hasan's own citizenship. Defendants should remove these prefaces and should affirmatively state the citizenship of each Defendant; it is Defendants' burden to prove diversity jurisdiction on removal and each Defendants' citizenship. <u>Duff</u>, 804 F. Supp. at 334.

Second, Defendants Ashford and Hasan have listed two limited liability companies (Ashford and Corporate Funding), but have not provided the Court the citizenship of each of those LLC's members. The Court **ORDERS** Defendant to supplement its notice of removal to indicate the citizenship of each member of Ashford and Corporate Funding. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[For purposes of diversity jurisdiction] a limited liability company is a citizen of any state of which a member of the company is a citizen.").

Finally, instead of providing the Court the personal Defendants' citizenships, Ashford and Hasan only provided those Defendants' residencies. The Court **ORDERS** Defendant to supplement its notice of removal to indicate the citizenship each of the remaining personal Defendants. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (same).

Accordingly, pursuant to 28 U.S.C. § 1653, this Court **ORDERS** the Defendant to amend its Notice of Removal to indicate the Defendants' citizenships for purposes of diversity jurisdiction by January 21, 2015.

### B. Service of Process

In the Court's review of this Matter, the Court notes (1) Defendants[4] Carrefour, Mike Tones, Amin Haq, and Beem Khemaney have not appeared in this matter, and (2) more than 120 days have passed since the Second Amended Complaint was filed. See Dkt. No. [71]. The Court is unable to locate any proofs of service for these Defendants on the docket. According, pursuant to Rule 4(m), Plaintiff is **ORDERED** to **SHOW CAUSE** why these Defendants should not be dismissed for failure to serve by January 21, 2015. If Plaintiff does not provide good cause for its failure by January 21, 2015, the Court may dismiss those Defendants without prejudice.

### C. Conclusion

Defendants Ashford and Hasan are **ORDERED** to correct the above-stated defects in their Notice of Removal [1] by January 21, 2015. Failure to do so may result in this case's remand to the Fulton County Superior Court.

Plaintiff is also **ORDERED** to **SHOW CAUSE** by January 21, 2015, why Defendants Carrefour, Mike Tones, Amin Haq, and Beem Khemaney should not be dismissed without prejudice for failure to serve.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned if the parties do not comply with this Order.

---

[4] Summons was issued for Carrefour on July 26, 2011 with regard to the First Amended Complaint, see Dkt. No. [17], but the Court does not find a subsequent summons for the Second Amended Complaint or any proofs of service for this Defendant. No summonses or proofs of service were noticed on the docket for the remaining Defendants.

**IT IS SO ORDERED** this 12th day of January, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

6