IN THE UNITED STATED DISTRICT COURT OF THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE DELOACH GROUP, INC. d/b/a Quastar Computer International,<br><br>Plaintiff<br><br>v.<br><br>ASHFORD FINANCE, LLC, NOUSHIR HASAN, CARREFOUR INFORMATIQUE TREMBLANT, INC., CORPORATE FUNDING PARTNERS, LLC d/b/a GANGES EXPORTS USA, LC.COM, LTD, MARSHALL JABLON, MIKE TONES, AMIN HAQ and BEEM KHEMANEY,<br><br>Defendants | CASE NO: 1:11-CV-1678-JOF |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER PERTAINING TO POTENTIAL DISMISSAL OF DEFENDANTS CARREFOUR INFORMATIQUE TREMBLANT, INC., MIKE TONES, AMIN HAQ AND BEEM KHEMANEY**

COMES NOW, The Deloach Group, Inc. d/b/a Quastar Computer International (hereinafter "Quastar"), Plaintiff in the above styled action, by and through its Attorneys, and responds to the Court's Order to Show Cause as to why Defendants Carrefour Informatique Tremblant, Inc., Mike Tones, Amin Haq and Beem Khemaney (the "Non-Served Defendants") should not be dismissed from this action due to lack of service and state as follows:

I. Background

This case involves Defendants in a scheme and conspiracy to engage in a pattern of racketeering activity to steal computer equipment in the U.S. from sellers such as Plaintiff ("Dependable") and having those sellers ship their goods while

- 1 -

fraudulently using letters of credits with a U.S. bank to entice Plaintiff and other similar companies to ship the computer equipment out of the country.  In its Second Amended Complaint, Plaintiff contends that all parties schemed together to steal Plaintiff's computer equipment.[1]

With respect to the Non-Served Defendants, these Defendants are part and parcel to this scheme and are all tied, in some fashion, to the Defendants *that have been served* in this matter.  For instance, Carrefour admitted to Plaintiff that "[Defendant] Corporate Funding is Carrefour . . . ."[2] Defendant Mike Tones made this assertion through his assistant and he is purportedly an employee of Carrefour.[3] Both Amin Haq and Beem Khemaney are purportedly employees of Ganges Exports, which Plaintiff contends is merely a d/b/a of Corporate Funding. [4]

Although Plaintiff, on its own, has diligently tried to locate the Non-Served Defendants so that they could be served, all of these Non-Served Defendants vanished from their locations after the scheme surfaced. [5] Because of this and the fact that Plaintiff believes these Non-Served Defendants all have ties to the served Defendants, Plaintiff has been seeking the location of these Non-Served Defendants from the served Defendants.

To that end, Plaintiff's discovery inquiries to the served Defendant have been impeded from the outset of this case by the Defendants.  Specifically, Plaintiff documented how Defendant Corporate Funding played "hide the ball" from the

---

[1]  See Second Amended Complaint ¶41.  The Second Amended Complaint actually contains several allegations that Defendants were operating a fraudulent scheme. See ¶¶ 11(c) and (d), 46, 47.
[2] See Second Amended Complaint ¶17.
[3] Id.
[4] See Plaintiff's Response to Corporate Funding Partners, LLC's Renewed Motion to Dismiss, pp. 22-24 and Second Amended Complaint, ¶¶ 6, 7, 28, 29, 33.
[5]  See Affidavit of Jefferson DeLoach, ¶5 attached as Exhibit I to Plaintiff's Response to Corporate Funding Partners, LLC's Renewed Motion to Dismiss

Plaintiff on a wide array of information sought in Plaintiff's discovery requests relating to the Motions to Dismiss filed by Corporate Funding on the personal jurisdiction issue that was decided by the Court.[6] Currently, the parties are in an intensive discovery phase, having exchanged written discovery and preparing for depositions of the parties to occur next month. In this process, the Plaintiff has raised several discovery issues with Defendants Ashford Finance and Nosh Hasan which are currently being worked on with the parties. Plaintiff has raised issues concerning the discovery it has received from Ashford Finance and Nosh Hasan. Plaintiff is attempting to work with those Defendants to resolve this and is hopeful the Court will not have to be involved in that dispute. It is also Plaintiff's hope that through this intensive discovery, Plaintiff will finally receive information from the served defendants that will enable Plaintiff to locate the Non-Served Defendants.

## II.  Legal Citation and Argument

Under Fed.R.Civ.P. 4(m), a failure to timely perfect service on a non-served defendant can be excused for "good cause" or, even without "good cause", service time can be extended within the discretion of the Court. *See, Horenkamp v. Van Winkle and Company, Inc.,* 402 F.3d 1129 (11th Cir. 2005). In this case, the facts show both good cause and grounds to allow the Court to use its discretion to extend the time to allow Plaintiff to serve the Non-Served Defendants. First and foremost, the incident that gave rise to Plaintiff's claims occurred in 2009, over five years ago. If the Non-Served Defendants are dismissed, Plaintiff's claims, particularly the fraud claims, against them are jeopardized by the Statute of Limitations. As a result, if the served Defendants finally provide Plaintiff with information on these

---

[6] See Plaintiff's Response to Corporate Funding Partners, LLC's Renewed Motion to Dismiss, pp 3-7.

Non-Served Defendants, some or all of those claims may ultimately be barred by the Statute of Limitations if the Non-Served Defendants are dismissed now, right before Plaintiff is hopeful that discovery from the served Defendants will supply information that will allow Plaintiff to locate the Non-Served Defendants.  In addition, Plaintiff has diligently prosecuted this case, aggressively attempting to find out- of- state defendants and have been obstructed from doing so by the served defendants to date, through their several motions to dismiss and failure to promptly and fully respond to discovery requests. In addition, there is reasonable hope and expectation that Plaintiff can finally obtain information about the Non-Served Defendants through the current round of intensive discovery, which is set to occur by the end of next month. Moreover, Plaintiff reasonably believes that the Non-Served Defendants are directly tied to the served Defendants.  Therefore Plaintiff seeks a modest extension of the time to locate and then serve the Non-Served Defendants in order to allow Plaintiff to complete the discovery of this issue with the served Defendants.

As a result, Plaintiff asks this Court to revisit this issue at the close of the discovery on February 28, 2015 when it is expected to be confirmed whether the served Defendants have indeed supplied Plaintiff with the information that would allow Plaintiff to locate and serve the Non-Served Defendants in this case.

Respectfully submitted this 21th day of January, 2015.

                    GEORGIA BUSINESS LAW GROUP, LLC


                    /Bentley Greg Cline/
                    B. Greg Cline
                    Georgia State Bar No. 170410
                    Telephone: (770) 670-6203
                    Facsimile: (770) 670-6213
                    bgcline@gabusinesslawgroup.com

IN THE UNITED STATED DISTRICT COURT OF THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE DELOACH GROUP, INC. d/b/a Quastar Computer International,<br><br>  Plaintiff<br><br>  v.<br><br>ASHFORD FINANCE, LLC, NOUSHIR HASAN, CARREFOUR INFORMATIQUE TREMBLANT, INC., CORPORATE FUNDING PARTNERS, LLC d/b/a GANGES EXPORTS USA, LC.COM, LTD, MARSHALL JABLON, MIKE TONES, AMIN HAQ and BEEM KHEMANEY,<br><br>  Defendants | CASE NO: 1:11-CV-1678-JOF |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21th day of January, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/Bentley Greg Cline/
B. Greg Cline
Georgia State Bar No. 170410
*Attorney for Plaintiff The DeLoach Group, Inc.*