IN THE UNITED STATED DISTRICT COURT OF THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE DELOACH GROUP, INC. D/B/A, QUASTAR COMPUTER INTERNATIONAL<br><br>PLAINTIFF<br><br>v.<br><br>ASHFORD FINANCE LLC, NOUSHIR HASAN, CARREFOUR INFORMATIQUE TREMBLANT, INC, CORPORATE FUNDING PARTNERS, LLC D/B/A GANGES EXPORTS USA, LC.COM, LTD., MARSHALL JABLON, MIKE TONES, AMIN HAQ, BEEM KHEMANEY<br><br>DEFENDANTS | CASE NO: 1:11-CV-1678-JOF |

PLAINTIFF THE DELOACH GROUP, INC. D/B/A QUASTAR COMPUTER INTERNATIONAL NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT <u>LC.COM, LTD.</u>

PLEASE TAKE NOTICE that Plaintiff The DeLoach Group, Inc. d/b/a Quastar Computer International ("Quastar") will proceed to take the Fed. R. Civ. P. 30(b)(6) deposition of LC.Com, Ltd ("LC.Com") at law offices of Hirsh & Heuser, P.C.125 TownPark Drive, Suite 300 Kennesaw, GA 30144, beginning February 24, 2015 at 4:00 p.m, and February 25, 2015, beginning at 10:00 am under the

authority of the Federal Rules of Civil Procedure 26 and 30. The deposition shall be taken before a court reporter authorized to administer oaths, shall be recorded by video and stenographic means, and shall continue from day to day until completed for purposes of discovery and all other purposes permitted by law. Under Federal Rule of Civil Procedure 30, the representative(s) designated by LC.Com shall be the person or persons who are most knowledgeable, able and competent to testify concerning the areas listed on Exhibit "A" attached hereto and incorporated by reference.

This 4th day of February, 2015.

GEORGIA BUSINESS LAW GROUP, LLC

/B. Greg Cline/
B. Greg Cline
Georgia State Bar No. 170410
Telephone: (770) 670-6203
Facsimile: (770) 670-6213
bgcline@gabusinesslawgroup.com
**2 Ravinia Drive
Suite 650
Atlanta, GA 30346
Attorney for Plaintiff The DeLoach Group, Inc.
d/b/a Quastar Computer International**

EXHIBIT" A"

## A. DEFINITIONS

1. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

2. "Document" is every record of any type whatsoever.

3. "Complaint" means the initial complaint that Plaintiff filed to commence this action and any and all amended complaints that may be filed in this action.

4. As used herein, the term "LC.Com", "you," or "your" refers to LC.Com, Ltd, its parent, subsidiary, related companies and /or attorneys, agents, servants, representatives, employees, successors, predecessors, assigns, and others who have obtained information foror on behalf of  LC.Com.

5. As used herein, the term "Plaintiff' refers to Plaintiff The DeLoach Group, Inc. d/b/a Quastar Computer International, Plaintiff named in the caption above, its attorneys, agents, servants, representatives, employees, successors, predecessors, assigns..

6. "Identify" or "describe"  when used in reference to:

A. An individual, shall mean to state his or her full name, present or last known business and residential address (designating which), business and residential telephone numbers (designating which), and the name and address of his or her employer.

B. A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name, present or last

known address, telephone numbers, and the legal form of such entity or organization.

C. An act, action, or omission, shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

D. A communication shall mean to state the date, location, and nature of the communication, the identities of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, the identity of any witnesses thereto, and identify any documents memorializing or constituting the communication. If the communication was by telephone, state the telephone number from which the communication originated and the telephone number called.

E. A date shall mean to state the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

7. The singular, plural, masculine, feminine, or neuter fonn of any noun or pronoun shall be read and be applied as including its other fonns, as circumstances many make appropriate.

8. The terms "and" and "or" shall mean and/or.

## B. TOPICS

1. The most knowledgeable individual concerning LC.Com's relationship, communications or any dealings whatsoever with the following entities and individuals:

    (a) Carrefour Informatique Tremblant, Inc. ("Carrefour");

    (b) Mr. Prom Sokhonna;

    (c) Mr. Mike Tones;

    (d) Individual by the first name of "Sophie" who purportedly worked for Carrefour;

    (e) Mr. Simon Assaraf a/k/a Simone Asseraf;

    (f) Ganges Exports USA;

    (g) Corporate Funding Partners, LLC.;

    (h) Ashford Finance, LLC;

    (i) First American Bank of Illinois;

    (j) Ms. Patti Marshall of First American Bank of Illinois;

    (k) Marshall Jablon;

    (l) Any entity owned and/or controlled by Marshall Jablon, including but not limited to, Fin-Trade, Ltd., Tellarian Funding, Ltd, Letter-Credit, Ltd., including any trade names used by Mr. Jablon or the companies he owns and controls;

    (m) Dependable Component Supply, Inc.;

(n)    Pyramid Technology Enterprises, Inc.;

(o)    Fusion Trade, Inc.;

(p)    Pomeroy IT Solutions, Inc.;

(q)    Forest Computers and forestcomputers.com;

(r)    Amin Haq, including his prior and current addresses and whereabouts;

(s)    Beem Khemaney, including his prior and current addresses and whereabouts ;

(t)    An individual named "Rameesh" who is identified in Plaintiff's complaint, including his prior and current addresses and whereabouts;

(u)    Nosh Hasan;

(v)    Leon Mikhlin;

(w)    Alex Villereal.

2. Any and all employees who were responsible, did work for or were involved in any business transaction, proposed transaction with or for the benefit for Defendant Carrefour, including but not limited transactions involving letters of credit involving Defendant Carrefour.

3. Any and all employees who were responsible, did work for or were involved in any business transaction, proposed transaction with or for the benefit for Ganges Exports USA, including but not limited transactions involving letters of credit involving Ganges Exports USA.

4. Any and all employees who were responsible, did work for or were involved in any business transaction, proposed transaction with or for the benefit for

forestcomputers.com and/or Forest Computers, including but not limited transactions involving letters of credit involving forestcomputers.com and/or Forest Computers.

5. The person that was responsible for the reporting and/or accounting in the financial records of LC.Com of any financial transaction involving or relating to a) any remuneration received by, or from or as a result of any transaction involving Defendant Carrefour; b) any remuneration received by, or from or as a result of any transaction involving Ganges Exports USA; c) any remuneration received by, or from or as a result of any transaction involving Forest Computers and/or forestcomputers.com; and d) any remuneration received by, or from or as a result of any transaction involving LC.Com and/or any entity owned and controlled by Marshall Jablon, including Corporate Funding Partners, LLC, Ltd, Fin-Trade, Ltd., Tellarian Funding, Ltd, Letter-Credit, Ltd.

6. The most knowledgeable individual who was the principal decision maker, participant or main business person responsible for LC.Com's role in the letter of credit transaction at issue in the case involving the Plaintiff.

7. The most knowledgeable individual who was the principal decision maker, participant or main business person responsible for LC.Com's role in the letter of credit transaction at issue in the case involving the similar transactions identified in Plaintiff's complaint with Dependable Component Supply, Inc., Pyramid Technology Enterprises, Inc., Fusion Trade, Inc. and Pomeroy IT Solutions, Inc.

8. The most knowledgeable individual about communications that LC.Com had with the following individuals who are or were employee and/or agents of Ashford Finance had concerning the transaction at issue in the transactions involving Dependable Component Supply, Inc., Pyramid Technology Enterprises, Inc., Fusion Trade, Inc. and Pomeroy IT Solutions, Inc.:

    a)    Noushir Hasan;

    b)    Alex Villeral;

    c)    Leon Mikhlin;

    d)    Aliette Frangi;

    e)    Frederick Snow;

    f)    Nadya Velikodanova;

    g)    Maile Ho;

    h)    the person that has an email tag of "**ymartinez**".

9. The person most knowledgeable about all matters pertaining to LC.Com's role in letters of credit transactions.

10. The person most knowledgeable about all matters pertaining to shipping compliance certificates in letter of credit transactions.

11. The person most knowledgeable about all matters pertaining to any waivers given by LC.Com to discrepancies and/or conditions contained in letters of credit transactions.

12. The person most knowledgeable about all matters pertaining to LC.Com's responses to Plaintiff's discovery responses.

13.     The person most knowledgeable about all matters pertaining to the letter of credit transaction at issue in Plaintiff's complaint.

14.     The person most knowledgeable about all matters pertaining to LC.Com's affirmative defenses stated in LC.Com's answer to Plaintiff's complaint.

15.     The person most knowledgeable about all matters pertaining to LC.Com's relationship with First American Bank of Illinois.

16.     The person most knowledgeable about LC.Com's financial information, including the preparation of financial statements and tax returns, transfers of money to and from LC.Com.

17.     The person most knowledgeable about maintaining corporate formalities of LC.Com, including Board meetings, corporate filings and maintaining the corporate existence of LC.Com.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/B. Greg Cline/
B. Greg Cline
Georgia State Bar No. 170410
*Attorney for Plaintiff The DeLoach Group, Inc.*